IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 2:18-cv-00728-DN<br><br>District Judge David Nuffer |

Plaintiff Carlos Velasquez filed the complaint[1] and several motions (the "Motions")[2] as a pro se litigant. Because he is proceeding pro se, his pleadings are construed liberally.[3] He was also permitted to proceed in form pauperis under 28 U.S.C. § 1915 (the "IFP Statute");[4] accordingly, the sufficiency of his complaint is reviewed under the authority of that statute.

## BACKGROUND

Velasquez's complaint is generally confusing and difficult to decipher. It is addressed to the "Tenth District" and captioned as a "Petition for Writ of Certiorari" to appeal "Utah Administrative Case: 2246378" (the "Administrative Case").[5] In the portion entitled, "Notice of

---

[1] Appellant's Petition for Writ of Certiorari (the "Complaint"), docket no. 3, filed September 18, 2018.

[2] Pre-Trial Motions, docket no. 4, filed September 18, 2018; Motion to Amend Filing Previously Made, docket no. 7, filed under seal September 25, 2018; Motion to Request an Immediate Hearing, docket no. 10, filed October 24, 2018; Non-Dispositive Motion to Issue Summons, docket no. 11, filed October 24, 2018; Motion to Amend the Docket to Let the Docket Show the Specific Titles of Papers Submitted, docket no. 13, filed November 20, 2018; Motion to Amend as Correct a Stated Venue of Petition, docket no. 18, filed December 17, 2018; Motion to Vacate a Referral to a Magistrate Judge, docket no. 22, filed January 28, 2019; Motion to Amend a Proposed Order/Query of Amend, docket no. 23, filed January 29, 2019; Motion for Hearing, docket no. 26, filed February 15, 2019 (collectively, the "Motions").

[3] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[4] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, filed September 18, 2018.

[5] Complaint, *supra* note 1, at 1.

Appeal," he states that he is seeking (1) a declaration of unconstitutionality with respect to several statutes and regulations; (2) "[f]alsity" of the Administrative Case; (3) "[i]nterest to preference on this case over ordinary civil cases"; (4) "[i]nterest to three applications for extraordinary writ[s], Mandamus, Prohibition, [and] Execution"; and (5) "[i]nterest to generate an effective ruling to prosecute original tortfeasors against a manner of conspiracy."[6]

The genesis of this action appears to be the Administrative Case, which the Utah Division of Aging and Adult Services, Adult Protection Services, apparently commenced against Velasquez. According to the complaint, the Administrative Case was based on "an incidence of Abuse of a Vulnerable Adult."[7] The complaint details an extensive history of litigating the Administrative Case in Utah administrative agencies, the Utah Third District Court, the Utah Court of Appeals, and the Utah Supreme Court. That litigation history includes the constitutional claim Velasquez asserts in this action.

The complaint goes on to allege that Velasquez has "a sustained interest to have some more impartial committee weigh whether" the Utah Supreme Court "sustained procedural malice to wrongful decline of interest" when it issued certain orders in the course of his litigation of the Administrative Case.[8] The complaint further alleges that the Utah Supreme Court "sustained malice," "refused to clarify the constitutional question," and "refused to recognize evidence."[9]

---

[6] *Id.* at 13-52.

[7] *Id.* at 15.

[8] *Id.* at 24-25.

[9] *Id.* at 25.

**LEGAL STANDARDS**

Whenever a party is authorized to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[10] In determining whether a complaint fails to state a claim for relief under the IFP Statute, courts employ the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[11] Under that standard, courts "look for plausibility in th[e] complaint."[12] More precisely, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[13]

In undertaking that analysis here, it is recognized that Velasquez is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[15] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[16] Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are

---

[10] 28 U.S.C. § 1915(e)(2)(B)(ii).

[11] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[12] *Id.* at 1218 (citations and internal quotation marks omitted).

[13] *Id.* (citations and internal quotation marks omitted).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Ledbetter*, 318 F.3d at 1187.

[15] *Bellmon*, 935 F.2d at 1110.

[16] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[17]

After reviewing a pro se plaintiff's complaint under the IFP Statute, courts may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[18]

## ANALYSIS

### The *Rooker-Feldman* doctrine bars this action.

Velasquez's complaint makes it clear that he is asking this court to review, to one extent or another, certain decisions rendered concerning the Administrative Case by Utah administrative agencies, the Utah Third District Court, the Utah Court of Appeals, and the Utah Supreme Court. This is not allowed under the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."[19] It "establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."[20] "Thus, in applying the Rooker-Feldman doctrine, [a federal court of appeals] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition."[21]

---

[17] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[18] *See Kay*, 500 F.3d at 1217 (citation and internal quotation marks omitted).

[19] *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).

[20] *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004); *see* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had").

[21] *Nudell*, 363 F.3d at 1075.

All of the allegations in Velasquez's complaint center around proceedings related to the Administrative Case. Furthermore, Velasquez admits in the complaint that he has already litigated all of the issues raised in the complaint (including the constitutional issues) in Utah administrative agencies, the Utah Third District Court, the Utah Court of Appeals, and the Utah Supreme Court. If Velasquez's claims were adjudicated in this action, the court would "effectively act as an appellate court reviewing" the decisions of those state agencies and tribunals.[22] Thus, the *Rooker-Feldman* doctrine bars this action, and it must be dismissed under the IFP Statute for failure to state a claim on which relief can be granted.[23]

## Amendment would be futile.

As previously noted, after reviewing a pro se plaintiff's complaint under the IFP Statute, the complaint may be dismissed for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[24] Here, there is no additional plausible allegations that would save any of Velasquez's claims from dismissal. Accordingly, it would be futile to provide Velasquez with an opportunity to amend the complaint.

## The Motions are moot.

After carefully reviewing the Motions, it is determined that none of the Motions has any effect on the analysis set forth above concerning the sufficiency of Velasquez's complaint. Accordingly, all of the Motions will be denied as moot.

---

[22] *Id.*

[23] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[24] *See Kay,* 500 F.3d at 1217 (citation and internal quotation marks omitted).

## ORDER

THEREFORE, IT IS HEREBY ORDERED as follows:

1. All of the Motions[25] are DENIED as moot.

2. This action will be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.[26]

Signed February 25, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[25] *See supra* note 2.

[26] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).